IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Mark Anthony Barnes, )<br>　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>David Whitted, et al., )<br>　　Defendants. ) | 1:12cv1340 (LMB/IDD) |

## MEMORANDUM OPINION AND ORDER

Mark Anthony Barnes, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants maliciously prosecuted him in the Circuit Court for the City of Chesapeake, Virginia. Plaintiff has applied to proceed in forma pauperis in this action and has submitted a Motion for Appointment of Counsel. After reviewing plaintiff's complaint, the claims against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.[1] His motions to proceed in forma pauperis and for appointment of counsel will be denied as moot.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> 　　(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

A search in the Virginia Courts Case Information online database reveals that plaintiff was convicted of carjacking in the Circuit Court of the City of Chesapeake, Virginia on April 5, 2012. He was also charged with robbery, assault and battery of a family member, and violation of a protective order, but the charges were dismissed. Plaintiff's allegations are difficult to follow, but he appears to allege several constitutional violations concerning his underlying conviction. As defendants, plaintiff names David Whitted, Deputy Commonwealth's Attorney, and H. Kenneth Reveley, Jr., plaintiff's criminal defense attorney. Compl. 2, 29, ECF No. 1. Plaintiff states that defendant Whitted "bring [sic] more serious charge cause [sic] I exercise [sic] my first amendment statutory right by seeking a jury trial an [sic] reject the plea negotiation that was unfounded, an [sic] unconstitutional." Compl. 5. He appears to allege that defendant Reveley conspired with defendant Whitted to "lie to the jury with the witness intentionally, and knowingly to obtained [sic] his conviction . . . ." Id. As relief, plaintiff seeks money damages, nominal damages, and injunctive relief by "bandon [sic] on prosecution in the future proceed if case get overturn [sic]." Id. at 6.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

Plaintiff's claims will be dismissed for failure to state a claim for which relief can be granted. Plaintiff has named no defendant in this action who can be liable to him under 42 U.S.C. § 1983. Defendant David Whitted, as a state prosecutor, is absolutely immune from suit under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). A state prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983 for those actions because of public policy considerations. Id. at 410, 427. The Fourth Circuit has noted that "the public interest in forthright enforcement of the criminal law is best served when a state's attorney can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits." Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974). Because defendant Whitted's actions or omissions were conducted in the course of his pursuit of a criminal prosecution against plaintiff, he enjoys

3

absolute immunity from this § 1983 suit, and the claim against him will be dismissed pursuant to 28 U.S.C. § 1915A(b).

As to former defense counsel Reveley, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). The Fourth Circuit has held that "[d]efense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders." Ward v. Ghee, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (table; available at 1993 WL 410357) (citations omitted). Here, then, attorney Reveley cannot be sued under § 1983 for any actions he took during his representation of the plaintiff, and plaintiff's claim against him will be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.

Under other circumstances, in deference to his pro se status, plaintiff would be given an opportunity to amend his complaint and to name a defendant amenable to suit under § 1983. Here, however, such a step would be futile, because plaintiff's allegations in substance state no claim for which § 1983 relief is presently available. Where a complaint attacks the fact or duration of confinement, as the instant complaint appears to do, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. See Preiser v. Rodgriquez, 411 U.S. 475, 487 (1973). As the Supreme Court noted, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

4

Therefore, to pursue a § 1983 claim for damages for unlawful conviction and imprisonment, plaintiff must file a habeas corpus petition pursuant to 28. U.S.C. § 2254 after first exhausting his state court remedies by presenting his claims to the Supreme Court of Virginia in a state petition for writ of habeas corpus. Accordingly, plaintiff's claim for injunctive relief will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim on which relief can be granted.

### IV. Other Pending Motions

Because plaintiff's claims must be dismissed for failure to state a claim for which relief can be granted, his motion to proceed in forma pauperis and Motion for Appointment of Counsel will be denied as moot.

Accordingly, it is hereby

ORDERED that plaintiff's claim for monetary relief against defendant David Whitted be and is DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915A(b); and it is further

ORDERED that plaintiff's claim against defendant H. Kenneth Reveley be and is DISMISSED WITH PREJUDICE for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A(b); and it is further

ORDERED that plaintiff's claim for injunctive relief be and is DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief can presently be granted pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff's Motion for Appointment of Counsel (Docket # 3) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil action.

Entered this 27th day of November 2012.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

---

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.